

```
                                            FILED
                                         AUG 10 2009
                                    UNITED STATES BANKRUPTCY COURT
                                    EASTERN DISTRICT OF CALIFORNIA
```

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:                              ) Case No. 09-25735-D-13L
                                    )
ROBERT M. MEAD,                     )
                    Debtor.         ) Date: July 14, 2009
                                    ) Time: 1:00 p.m.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On July 14, 2009 the court conducted a hearing on the confirmation of the Chapter 13 plan filed by Robert M. Mead (the "debtor"). The court denied confirmation and entered its findings of fact and conclusions of law orally on the record. On July 24, 2009 the debtor filed a request that the court issue written findings. Pursuant to the debtor's request, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

To the extent any finding of fact set forth herein is a conclusion of law, it is hereby incorporated into the conclusion of law section as if set forth in full.

1. On March 30, 2009 the debtor filed a Chapter 13 petition, along with all schedules and a statement of financial affairs.

2. On March 30, 2009 the debtor also filed a Chapter 13 plan (the "Plan").

3. On May 13, 2009 Carolyn Williams ("Williams"), the debtor's former spouse, filed an objection to confirmation of the Plan as docket entry no. 17 (the "Objection").

4. The debtor's only evidence in support of confirmation of the Plan is his declaration filed June 19, 2009 as docket entry no. 29.

5. On July 14, 2009 the court conducted a hearing on the Objection and on confirmation of the Plan. At the conclusion of the hearing the court sustained the Objection, denied confirmation of the Plan and stated its findings orally on the record.

6. On July 16, 2009 the court entered a civil minute order (the "CMO") sustaining the Objection.

7. On July 22, 2009 the debtor appealed the CMO.

8. On July 24, 2009 the debtor filed a request that the court issue written findings.

9. The debtor's schedules list only three creditors. Specifically, they are: (1) Central Mortgage Company, which is listed on the debtor's Schedule D in the amount of $156,612, and as being secured by a first deed of trust on the debtor's residence; (2) Bank of America, which is listed on the debtor's Schedule D in the amount of $50,678, and as being secured by a second deed of trust on the debtor's residence; and (3) Williams, who is listed on the debtor's Schedule F in the amount of $73,800, and as an unsecured, non-priority claim.

10. The Plan classifies Central Mortgage Company and Bank of America as class 4 claims/creditors. As class 4 claims, the Plan indicates that the debtor was current on payments to these creditors as of the petition date, and that these creditors will

receive regular ongoing post-petition payments. Thus, the Plan does not modify or impair these claims in any way.

    11. The Plan sets up Williams, the only other creditor in this case, as a class 7 unsecured claim/creditor, and proposes a 4% dividend.

    12. Williams, as the debtor's ex-spouse, obtained a pre-petition Judgment of Dissolution from the Sacramento Superior Court in March 2005. The Judgment of Dissolution requires the debtor to make an equalizing payment to Williams in consideration for Williams' interest in the real property that is the debtor's current residence. Thereafter, in January 2006 the Sacramento Superior Court entered an order requiring the debtor to pay Williams the equalizing payment and additional attorneys' fees, plus interest at 10% per annum (hereinafter the March 2005 Judgment of Dissolution and the January 2006 order will be collectively referred to as the "Dissolution Orders").

    13. The debtor has exhausted all of his appeal rights in regard to the Dissolution Orders and accordingly the Dissolution Order are final.

    14. The long chronology, and litigious history, between the debtor and Williams is outlined the Objection and in Williams' reply filed July 29, 2009, docket entry no. 44. This chronology is adopted by the court and incorporated herein as if set forth in full.

    15. The sole reason the debtor filed his bankruptcy, and the sole purpose of the Plan, is to circumvent and avoid payment of the obligations imposed under the Dissolution Orders.

/ / /

16. Williams recorded a pre-petition abstract of judgment pertaining to the Dissolution Orders (the "Abstract"), thereby creating a lien against certain of the debtor's real property, including his residence.

17. Williams timely filed a proof of secured claim, which proof of claim complies with Rule 3001, et al. of the Federal Rules of Bankruptcy Procedure.

18. The debtor asserts that Williams' claim is unsecured because of a defect in the Abstract. However, the debtor has not objected to Williams' claim, nor has the debtor filed an adversary proceeding to determine the validity, nature and extent of Williams' lien.

19. Williams' claim is a secured claim pursuant to FRBP 3001(f), and the Plan must treat this claim in conformity with § 1325(a)(5) of the Bankruptcy Code for the Plan to be confirmable.

### Conclusions of Law

To the extent any conclusion of law set forth herein is a finding of fact, it is hereby incorporated into the findings of fact section as if set forth in full.

20. Although the CMO is on appeal, the court retains jurisdiction to enter written findings after a notice of appeal has been filed because the written finding will aid the Court of Appeals in its review of the court's decision. See In re Silberkraus 336 F3d 864 (9th Cir. 2003).

21. Bankruptcy Code §§ 1325(a)(3) and (a)(6) require that both a debtor's case and a debtor's plan be proposed in good faith for the court to confirm a plan. In making such a determination, the court is to look at the totality of the circumstances and the

determination is to be made on a case-by-case basis.

22. The debtor bears the burden, by a preponderance of the evidence, of establishing that his case was filed in good faith, and that the Plan is proposed in good faith.

23. In considering the totality of the circumstances, which includes that the debtor's sole purpose for filing his chapter 13 case and the Plan is to circumvent and avoid the obligations imposed by the Dissolution Orders, the court concludes that the debtor has not demonstrated that the case, or the Plan, were filed in good faith.

24. A separate basis for denying confirmation is that the Plan treats Williams' claim as an unsecured claim, and as such does not comply with Bankruptcy Code § 1325(a)(5).

25. For the reasons stated the court sustains the Objection and denies confirmation of the Plan.

Dated: AUG 10 2009

/s/ Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

**CERTIFICATE OF MAILING**

I, Andrea Lovgren, in the performance of my duties as assistant to the Honorable Robert S. Bardwil, mailed by ordinary mail a true copy of the attached document to each of the parties listed below:

Lawrence Loheit
P.O. Box 1858
Sacramento, CA 95812-1858

Stephen Koonce
791 University Avenue
Sacramento, CA 95825

Leticia Tanner
2740 Fulton Ave., #130
Sacramento, CA 95821

DATE: August 10, 2009

_Andrea Lovgren_
Andrea Lovgren